**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rickey Guy Fugate,                  )<br>                                                      )<br>          Plaintiff,                         )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>                                                      )<br>Wickenburg Police Department, )<br>                                                      )<br>          Defendant.                      )<br>_____) | No. CV-11-00194-PHX-NVW<br><br>**ORDER** |

     Before the Court is Plaintiff Rickey Guy Fugate's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), otherwise known as a motion for leave to proceed in forma pauperis; and Fugate's "Motion to Appoint Pro Bono Council [*sic*]" (Doc. 3). The Court will grant Fugate's in forma pauperis application and screen his complaint. Screening his complaint reveals defects that require the Court to dismiss it. However, the Court will give Fugate an opportunity to amend his complaint and correct certain problems. But given that the Court is dismissing the current complaint, Fugate's motion for appointed counsel will be denied as moot.

**I.      Background**

     Fugate lives in Wickenburg, Arizona. He alleges that on November 25, 2009 (the day before Thanksgiving), officers in the Wickenburg Police Department arrested and jailed him on various charges relating to sexual assault, domestic violence, disorderly conduct,

interfering with judicial proceedings, and kidnapping. Fugate's bond was set at $5,000, but he alleges that all of the bail bond agencies were closed for the Thanksgiving holiday and he spent "3 days" in jail before he could post a bond on November 27 (the day after Thanksgiving).[1]

On December 2, 2009, a local Wickenburg newspaper published what appears to be its regular "police report" column. The column was headlined, "Man arrested for kidnapping." Its opening paragraph stated:

> The Wickenburg Police Department on Wednesday, Nov. 25 arrested Ricky Fugate, 46, of Wickenburg on three counts of sexual assault, two counts of domestic violence, two counts of disorderly conduct, one count of interfering with judicial proceedings and one count of kidnapping after an alleged incident that took place at his residence.

(Doc. 1-1 at 1.) The column went on to describe three other unrelated incidents in which Wickenburg police officers had arrested persons.

On December 9, 2009, the same newspaper published a short column titled "Charges dropped." The column briefly states that charges against Fugate had been dropped.

## II. Legal Standard

Fugate has now filed a Section 1983 suit (*see* 42 U.S.C. § 1983) against the Wickenburg Police Department. Fugate has also moved for leave to file in forma pauperis, and for this Court to appoint counsel for him. The Court is satisfied that Fugate is poor enough to deserve in forma pauperis status. However, permitting Fugate proceed in forma pauperis also obligates this Court to screen his complaint under the following standards.

### A. Screening Standard

When this Court permits a party to file in forma pauperis, the Court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be

---

[1] It seems that Fugate actually spent about 48 hours in jail. He uses "3 days" apparently to mean all or part of three calendar days.

granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.*

### B. Failure-to-State-a-Claim Standard

To state a claim for relief under Rule 8, a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id.* A proper complaint needs no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, but the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim," *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008). All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Further, despite *Twombly* and *Iqbal*, courts continue to construe pro se filings liberally, and give such plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

### III. Analysis

Fugate accuses the Wickenburg Police Department of "Malicious Use of Process; Malice (In Law); False Imprisonment; Intentional Injury; Legal Injury; Libel; Slander; Misfeasance; Nonfeasance; Deliberate Indifference; Abuse of Power." Fugate invokes federal jurisdiction by claiming that these alleged harms give him a constitutional cause of

1  action under Section 1983.

2  Construing Fugate's complaint liberally, and in light of what is actionable under
3  Section 1983, the Court discerns two theories of injury in Fugate's complaint: (1) lack of
4  probable cause and (2) reputational/privacy harm.

5  **A.  Lack of Probable Cause**

6  The first theory appears to assert that Fugate was arrested without probable cause, in
7  violation of the Fourth Amendment, causing him to spend three days in jail unnecessarily.
8  Lack of probable cause exists where (a) a police officer did not have an arrest warrant, and
9  (b) facts and circumstances within the officer's knowledge were not enough to lead a prudent
10 person to believe that the person arrested had committed or was committing a crime. *Hart*
11 *v. Parks*, 450 F.3d 1059, 1065–66 (9th Cir. 2006). Lack of probable cause also exists where
12 (a) the police officer had an arrest warrant, but (b) the officer had "no reasonable grounds for
13 believing that the warrant was properly issued." *United States v. Leon*, 468 U.S. 897, 922–23
14 (1984).

15 Fugate's current complaint does not meet the Rule 8 standards for properly asserting
16 a no-probable-cause claim. First, Fugate cannot accuse the entire Wickenburg Police
17 Department of arresting him without probable cause. "[A] municipality cannot be held liable
18 *solely* because it employs a [police officer who committed a constitutional violation]."
19 *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original). If Fugate
20 believes he was arrested without probable cause, he must sue the officers who arrested him,
21 or at least name John/Jane Doe defendants and explain clearly why he does not know the
22 actual names of the officers who arrested him.

23 Further, Fugate must allege whether an arrest warrant existed or not. If it did not
24 exist, Fugate must describe specifically why the police officers did not have enough
25 knowledge to reasonably believe that he had committed or was committing a crime. If an
26 arrest warrant did exist, Fugate must describe specifically why the police officers had no
27 reasonable grounds to believe that the warrant was proper.

28 Without any of the foregoing details, the Court must dismiss Fugate's complaint to

1 the extent it claims that he was arrested without probable cause. However, Fugate may
2 attempt to amend his complaint. If Fugate chooses to file an amended complaint, it must
3 contain the details described above.

### B. Reputational/Privacy Harm

The second theory the Court discerns in Fugate's complaint is the reputational harm, or harm to Fugate's privacy interests, in having his name and the charges against him published in the "police report" section of the local newspaper. To hold the Wickenburg Police Department liable for such an offense, Fugate would need to accuse the Wickenburg Police Department of a pattern or practice of unconstitutional conduct in this regard. Fugate's failure to do so requires dismissal of his reputational/privacy claims.

But even if Fugate had properly alleged a pattern or practice, his complaint would still fail. "[G]overnment disclosures of arrest records, judicial proceedings, and information contained in police reports do not implicate the right to privacy." *Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995) (citations omitted); *see also Paul v. Davis*, 424 U.S. 693, 712–14 (1976). Further, there is no Section 1983 cause of action for reputational injury alone. Fugate must combine it with some loss of a tangible interest protected by state law, such as employment, a license, or other similar interest. *See Paul*, 424 U.S. at 710–12. Although one court has held that a Fourth Amendment violation (such as arrest without probable cause) combined with supposedly defamatory statements can lead to Section 1983 liability, even that court conceded that it was

> discussing only false, defamatory statements allegedly made by persons acting under color of state law. A statement that "X has been arrested for receipt of stolen property" would not be defamatory if X in fact had been arrested for the reason stated since such a statement merely states a fact.

*Marrero v. City of Hialeah*, 625 F.2d 499, 519 n.25 (5th Cir. 1980). Here, the police report merely stated a fact: Fugate had been arrested on certain charges. Accordingly, no defamation-based Section 1983 claim exists on the facts alleged. For this reason, the Court will dismiss this claim.

- 5 -

1  IT IS THEREFORE ORDERED that Fugate's Application to Proceed in District
2  Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED.

3  IT IS FURTHER ORDERED that Fugate's complaint (Doc. 1) is DISMISSED with
4  permission to file an amended complaint by March 15, 2011.

5  IT IS FURTHER ORDERED that if Fugate chooses not to file an amended complaint
6  by March 15, 2011, the Clerk shall dismiss this action without further order of this Court.

7  IT IS FURTHER ORDERED that if Fugate chooses to file an amended complaint, the
8  complaint may not be served until and unless the Court screens the amended complaint
9  pursuant to 18 U.S.C. § 1915(e)(2).

10  IT IS FURTHER ORDERED that Fugate's "Motion to Appoint Pro Bono Council
11  [*sic*]" (Doc. 3) is DENIED as moot.

12  DATED this 31st day of January, 2011.

Neil V. Wake
United States District Judge